UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA RICHARDSON, and others,<br><br>Plaintiffs,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION (CDCR), and others,<br><br>Defendants. | Case No. 22-cv-06137-NC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: ECF 10 |

This civil rights action arises out of the suicide of Adron Adams, Jr. during his incarceration. Plaintiffs Sheila Richardson and Adron Adams, Sr. filed this action as successors in interest, alleging the state entities and individuals overseeing the Decedent's imprisonment knew of his unstable mental health conditions, yet failed to prevent his death. Plaintiffs, however, have failed to allege sufficient facts to support these claims. Therefore, the Court GRANTS Defendants' motion to dismiss with leave to amend.

**I.    BACKGROUND**

Adron Adams, Jr. ("Decedent") was an inmate at Defendant Salinas Valley State Prison ("SVSP"), which is overseen by Defendant California Department of Corrections and Rehabilitation ("CDCR") (collectively "State Entities"). ECF 1 ("Compl.") ¶ 4. Decedent suffered from various mental health conditions, including "schizoaffective disorder, catatonia, suicidal ideations, and posed a substantial and imminent risk of

suicide." *Id.* ¶ 25.  Plaintiffs assert the correctional staff, including supervisors, guards and jail medical professionals identified as Defendant Does 1-10, were aware of Decedent's mental health conditions, as well as his symptoms of self-harm and suicidal ideation. *Id.* ¶ 25-26.  Defendant Does 7-10 are further delineated as managerial employees. *Id.* ¶ 11.  Despite their purported knowledge, Decedent fashioned a noose and hanged himself in his prison cell. *Id.* ¶ 28.  He was pronounced dead on January 30, 2021. *Id.*

Plaintiffs' attorney submitted a claim for damages to the California Government Claims Program. *Id.* ¶ 19; *see also* ECF 10, Request for Judicial Notice ("RJN"), Ex. A.[1] The claim was received on August 3, 2021.  RJN, Ex. A at 6.  Plaintiffs' claims were subsequently rejected by the Government Claims Program in a letter dated December 29, 2021. *Id.* at 12.

On October 18, 2022, Decedent's parents, Sheila Richardson and Adron Adams, Sr. ("Plaintiffs") filed suit against Defendants.  Plaintiffs alleged four causes of action: (1) violation of Decedent's civil rights under 42 U.S.C. § 1983 against Does 1-6 for deprivation of necessary medical care; (2) violation of Decedent's civil rights under § 1983 against Does 1-6 for deprivation of familial relationship; (3) *Monell* liability under § 1983 against the State Entities and Does 7-10; and (4) wrongful death against all Defendants.  Defendants filed a motion to dismiss the entire complaint.  ECF 10.  All parties have consented to magistrate judge jurisdiction under 28 U.S.C. § 636(c).  ECF 9, 11.

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal

---

[1] Defendants request that the Court take judicial notice of a government claim letter submitted by Plaintiffs (Claim No. 21006273), and subsequent rejection letter from the California Department of General Services, attached as Exhibit A to Defendants' Request for Judicial Notice.  ECF 10-1. The Court GRANTS this request because these documents are public records relevant to Defendants' motion and because these documents are not subject to reasonable dispute because they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b) ("court may judicially notice a fact that is not subject to reasonable dispute because it ... can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Anderson v. Ferguson*, No. 20-CV-04368-HSG, 2022 WL 767191, at *2 (N.D. Cal. Mar. 14, 2022) (taking judicial notice of California government claim documents because they are official records).

sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party." *Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). A court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III. DISCUSSION

#### A. Plaintiffs' § 1983 Claims Against Does 1-6

Federal law permits an individual to bring a claim against state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal] laws." 42 U.S.C. § 1983. Plaintiffs raise two causes of action under § 1983 against Defendant Does 1-6. Both claims, however, suffer from the same factual infirmities.

##### 1. Deprivation of Necessary Medical Care Claim

First, Plaintiffs allege Defendant Does 1-6 displayed deliberate indifference to Decedent's mental health conditions, thus contributing to his death. Compl. ¶ 32. The government has an "obligation to provide medical care for those whom it is punishing by incarceration," and failure to meet that obligation can constitute an Eighth Amendment violation cognizable under § 1983. *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014). "An official's deliberate indifference to a substantial risk of serious harm to an

inmate – including the deprivation of a serious medical need – violates the Eighth Amendment." *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015).  The "deliberate indifference" standard is a subjective, two-step inquiry requiring (1) the plaintiff to show "the risk was obvious or provide other circumstantial or direct evidence that the prison officials were aware of the substantial risk" to the inmate, and (2) that plaintiff shows there was no reasonable justification for exposing the inmate to the risk.  *Lemire v. California Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1078 (9th Cir. 2013).

Here, Plaintiffs' claim of deliberate indifference fails to surpass the first step.  The complaint does not appear to allege Decedent's suicidal tendencies were sufficiently obvious to provide notice to Does 1-6.  Instead, Plaintiffs allege Does 1-6 not only knew Decedent was suffering from mental health issues, but also knew he was manifesting symptoms of self-harm and suicidal ideation the day of his death.  *See* Compl. ¶¶ 31-32.  However, Plaintiffs fail to support these allegations beyond bare, conclusory statements.  Plaintiffs fail to point to any direct or circumstantial evidence that Does 1-6 knew anything about Decedent's mental health conditions, let alone his symptoms on the day of his death.  Without more, the Court grants Defendants' motion to dismiss this claim with leave to amend.

### 2. Loss of Familial Association Claim

Second, Plaintiffs allege Does 1-6 violated the Fourteenth Amendment by depriving them of the Decedent's companionship.  Compl. ¶ 45.  A plaintiff asserting a claim for deprivation of their right to familial association under § 1983 must show the official's conduct "shocks the conscience."  *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008).  A plaintiff can show that an official's conduct "shocks the conscience" by showing "deliberate indifference" or a "purpose to harm."  *Id.*  The "deliberate indifference" test applies "only when actual deliberation is practical."  *Id.*  (citing *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998)).

As with the previous claim, Plaintiffs assert that the "deliberate indifference" standard also applies to their familial associations claim.  Compl. ¶ 44.  Therefore, it

follows that Plaintiffs also fail to show deliberate indifference with respect to this claim. Without deliberate indifference, Plaintiffs cannot show the actions of Does 1-6 shock the conscience. Therefore, the Court grants Defendants' motion to dismiss Plaintiffs' familial associations claim with leave to amend.

### B. Plaintiffs' *Monell* Claim Against Does 7-10

Plaintiffs allege the State Entities and Does 7-10 failed to adequately train its employees on "the provision of medical/mental health attention, including *inter alia*, suicide prevention." Compl. ¶ 53. As discussed in more detail below, this claim is barred with respect to the State Entities under sovereign immunity, thus leaving Does 7-10.

A *Monell* claim permits liability under § 1983 against a local government for their unconstitutional official policies or practices. *Connick v. Thompson*, 563 U.S. 51, 60, 131 (2011). *Monell* does not concern liability of individuals acting under color of state law. *Guillory v. Orange Cnty.*, 731 F.2d 1379, 1382 (9th Cir. 1984); *see also Robles v. Aguilar*, No. 16-cv-07038 MEJ, 2017 WL 950966, at *4 (N.D. Cal. Mar. 10, 2017) (holding plaintiff cannot state a *Monell* claim against police chief as an individual defendant).

Plaintiffs bring their *Monell* claim against Does 7-10 in their supervisory rule for failing to adequately train their subordinates on providing medical/mental health care. Compl. ¶ 54. *Monell* is an improper vehicle for claims against individual defendants like Does 7-10. Thus, the Court GRANTS Defendants' motion to dismiss Plaintiffs' *Monell* claims against Does 7-10 without leave to amend because any amendment concerning individual defendants would be futile.

### C. Plaintiffs' Claims Against State Entities Are Barred by Sovereign Immunity

Defendants assert Plaintiffs are precluded from suing the state and its agencies under the sovereign immunity doctrine. The Eleventh Amendment dictates that the "judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state." Absent waiver by the state or congressional override, "agencies of the state are

5

immune from private damage actions or suits for injunctive relief brought in federal court." *Brown v. California Dep't of Corr.*, 554 F.3d 747, 752 (9th Cir. 2009). The California Department of Corrections and Rehabilitation, as well as state prisons like Salinas Valley State Prison, are considered agencies of the state. *See Palismo v. California Dep't of Corr.*, 145 F. App'x 215, 216 (9th Cir. 2005) ("the CDC is a state agency entitled to sovereign immunity under the Eleventh Amendment"); *Righetti v. California Dep't of Corr. Salinas Valley State Prison*, No. 03-cv-00780 SBA, 2003 WL 23857821, at *9 (N.D. Cal. Aug. 6, 2003) (plaintiff precluded from suing Salinas Valley State Prison directly, "as that is the equivalent of suing the state").

In this case, Plaintiffs bring both a *Monell* and state wrongful death claim against CDCR and SVSP. Compl. ¶¶ 56, 67. Both entities are clearly state agencies subject to sovereign immunity. Plaintiffs do not allege the state waived its Eleventh Amendment immunity. Moreover, the opposition papers don't contest that both entities are immunized from Plaintiffs' § 1983 claim. *See* ECF 16 at 6.

Nevertheless, Plaintiffs maintain the state entities are vicariously liable for wrongful death by operation of California Government Code § 845.6. *Id.* at 8. California has waived its sovereign immunity to tort claims brought in state court, including liability stemming from an employee's failure to provide medical care to prisoners. *See* Cal. Gov't Code § 945. However, this does not constitute a waiver of Eleventh Amendment immunity for tort claims brought in *federal* court. *BV Engineering v. Univ. of California, Los Angeles*, 858 F.2d 1394, 1396 (9th Cir. 1988); *see also Kirchmann v. Lake Elsinore Unified Sch. Dist.*, 83 Cal. App. 4th 1098, 1103 (2000) ("the consent to suit contained in the act (Gov. Code, § 945) is not a waiver of Eleventh Amendment immunity"). Taken together, Plaintiffs' wrongful death and *Monell* claims fail because the State Entities are protected by sovereign immunity. Despite steep odds, the Court grants Plaintiffs the opportunity to address the waiver or abrogation issue in subsequent pleadings. The Court cautions Plaintiffs that the issue is not to be undertaken lightly as "waiver of sovereign immunity must be expressly and unequivocally stated in the text of the relevant statute."

*Sossamon v. Texas*, 563 U.S. 277, 290 (2011).  Accordingly, the Court dismisses Plaintiffs' claims against CDCR and SVSP with leave to amend.

### D. Plaintiffs' Wrongful Death Claims Against Does 1-10

Defendants allege Plaintiffs' wrongful death claim was not timely submitted pursuant to California Government Code § 945.6.  Under the Government Claims Act, a plaintiff seeking damages must present the claim to the state before bringing certain types of suits, including wrongful death and survival causes of action.  *See Sakamoto v. County of Los Angeles*, 800 F. App'x 487, 489 (9th Cir. 2020).  This procedure applies to suits against public employees, whereupon a plaintiff cannot bring claims against such individuals unless "the claim has been rejected, or has been deemed to have been rejected, in whole or in part by the public entity."  Cal. Gov't Code § 950.6(a).  The claimant has six months from the date the rejection notice is deposited in the mail to file a court action.  Cal. Gov't Code § 950.6(b).  The six-month period "is mandatory and strict compliance is required." *Torres v. California Dep't of Corr. & Rehab.*, No. 19-cv-03851-SK, 2020 WL 496070, at *6 (N.D. Cal. Jan. 30, 2020).

Plaintiffs' attorney in the present suit submitted a "claim for damages" that was received by the California Government Claims Program on August 3, 2021.  RJN, Ex. A at 6.  Plaintiffs' claims were rejected by the California Department of General Services on December 29, 2021.  *Id.* at 12.  The rejection letter also warned Plaintiffs about the six-month deadline, stating "you have only six (6) months from the date this notice was personally delivered or deposited in the mail to file a court action on this claim."  *Id.*  Plaintiffs, however, did not file this suit until October 18, 2022 – over three months past the deadline.  *See* Compl. at 14.  Plaintiffs' claims are clearly untimely pursuant to the Government Claims Act.

In their opposition, Plaintiffs appear to argue that presentation of a claim against a public employee is not a prerequisite for an action against said employees, citing *Olden v. Hatchell*, 154 Cal. App. 3d 1032, 1033 (Ct. App. 1984).  ECF 16 at 7.  The *Olden* case, however, held the opposite.  The *Olden* court stated that although presentation of a claim

against a public employee is not required to maintain an action against them, "presentation of a claim against the employing public entity *is a prerequisite to bringing such an action*." *Olden*, 154 Cal. App. 3d at 1034 (emphasis added). Plaintiffs' alternative argument that some of the Doe-Defendants might be independent contractors lacks any support beyond mere speculation and is dismissed. Nevertheless, the Court grants Plaintiffs the opportunity to cure these discrepancies. Accordingly, Plaintiff's wrongful death claim against Does 1-10 is dismissed with leave to amend.

### E. Defendants' Motion to Strike Punitive Damages

Lastly, Defendants move to strike Plaintiffs' claims for punitive damages. Specifically, Defendants allege punitive damages cannot be awarded against the State Entities, and also are not available for wrongful death claims. ECF 10 at 17. However, as Plaintiffs point out, they are not seeking punitive damages under either of these theories. Accordingly, the Court denies Defendants' motion to strike Plaintiffs' punitive damages claim.

## IV. CONCLUSION

Based on the foregoing, the Court: (1) GRANTS Defendants' motion to dismiss Plaintiffs' wrongful death, deprivation of medical care, and loss of familial association claims with leave to amend; (2) GRANTS Defendants' motion to dismiss Plaintiffs' *Monell* claim against the State Entities with leave to amend; (3) GRANTS Defendants' motion to dismiss Plaintiffs' *Monell* claim against Does 7-10 without leave to amend; and (4) DENIES Defendants' motion to strike Plaintiffs' punitive damages claim. Plaintiffs may file an amended complaint on or before March 20, 2023. Plaintiffs may not add additional parties or claims without leave of court. If no plausible amended complaint is filed, the Court will enter judgment and close the case.

**IT IS SO ORDERED.**

Dated: March 6, 2023

_____
NATHANAEL M. COUSINS
United States Magistrate Judge